IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:01-CR-253-BO
NO. 5:14-CR-586-BO

| | | |
|---|---|---|
| ROBERT EDWARD TILLERY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 267] and the government's motion to dismiss [DE 273]. Petitioner has replied, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 is dismissed without prejudice.

## BACKGROUND

Petitioner, Robert Edward Tillery, pled guilty pursuant to a written plea agreement to three counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and (d), and 2, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), on February 4, 2002. [DE 104]. He was sentenced by this Court to a total term of 370 months imprisonment on September 27, 2002. [DE 162]. Mr. Tillery filed a direct appeal, which the Fourth Circuit Court of Appeals affirmed in part and dismissed in part on July 22, 2003. [DE 177]. Mr. Jones did not petition the Supreme Court for a writ of certiorari.

On October 7, 2014, petitioner filed the instant § 2255 motion, in which he raises three grounds for relief. Mr. Tillery argues first that he is actually innocent; second, that Court failed

to properly advise him of the maximum penalty on the violation of § 924(c) and therefore imposed an illegal sentence for that crime; and third, that his counsel was ineffective assistance for failing to ensure petitioner had a clear understanding of the consequences of his guilty plea. [DE 267].

## DISCUSSION

The government contends that Mr. Tillery's motion is untimely and not subject to equitable tolling. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's motion is untimely under § 2255(f)(1). His judgment became final on or about October 22, 2003, the date on which his opportunity to file a petition for certiorari with the Supreme Court expired. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) ("Osborne was required to file his § 2255 within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). Given that Mr. Tillery did not file his motion until 2014, it is untimely under § 2255(f)(1).

The motion also does not appear not timely under either §§ 2255(f)(2) or (f)(4). Mr. Tillery has not alleged either that any governmental action affected the timeliness of filing or that any new facts have been discovered in his case. Petitioner relies on the Supreme Court's decision in *McQuiggen v. Perkins*, 133. S. Ct. 1924 (2013), to argue that he is timely under § 2255(f)(3).

2

In *McQuiggen*, the Supreme Court held that AEDPA's one-year statute of limitations may be overcome where a § 2255 petitioner asserts a proper claim of actual innocence. *Id.* at 1935. To assert a proper claim of actual innocence, a petitioner must demonstrate that, in light of newly discovered evidence, it is more likely than not that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928. Petitioner simply states that he is innocent "in light of newly discovered evidence and U.S. Supreme Court's recent ruling," without further elaboration. [DE 267 at 4]. This bare assertion, without more, is insufficient to assert a proper claim of actual innocence that would render Mr. Tillery timely under § 2255(f)(3).

Nor is equitable tolling available to render Mr. Tillery's petition timely. Mr. Tillery has not proffered facts sufficient to satisfy the high threshold for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Tillery's petition. In an abundance of caution, however, the Court will dismiss the petition without prejudice. Dismissal without prejudice will afford Mr. Tillery to re-filet and include a more complete explanation of his claim of innocence should he choose to do so. That, in turn, would allow the Court to determine whether he might be timely under § 2255(f)(3).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

3

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 267] is GRANTED and petitioner's motion to vacate [DE 272] is DISMISSED WITHOUT PREJUDICE. A certificate of appealability is DENIED.

SO ORDERED this __13__ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE