IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:01-CR-253-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ROBERT EDWARD TILLERY, | ) |
| Defendant | ) |

This matter is before the Court on a letter from defendant Robert Edward Tillery, which the Court construes as a pro se motion for jail credit. [DE 289]. For the following reasons, Mr. Tillery's motion is dismissed.

## BACKGROUND

On September 27, 2002, this Court sentenced Mr. Tillery to a total term of imprisonment of 370 months in the custody of the Bureau of Prisons (BOP) for bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and using, carrying, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The Court directed the Bureau of Prisons to give Mr. Tillery credit for any time served. Mr. Tillery's instant motion states that he has not received credit from August 13, 2001, through May 6, 2005, during which time he appears to have been in some form custody other than that of the Bureau of Prisons.

## DISCUSSION

The Court must begin by properly characterizing the instant motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Woodall*

*v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005). Further, this motion cannot be construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Lightner*, 266 F. App'x 240, 241–42 (4th Cir. 2008). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this Motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 52–53 (1995). A motion under § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner. *See Romandine v. United States*, 206 F.3d 781, 736 (7th Cir. 2000); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Defendant is currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, thus this Court lacks jurisdiction to adjudicated defendant's claims. As such, defendant's motion is DISMISSED for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, Mr. Tillery's motion is DISMISSED.

SO ORDERED, this __19__ day of October, 2015.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE